# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| Annette Mackey Bartle, on behalf of ) | | |
| Herself and other members of the putative class, ) | | |
| ) | Case No. 20-CV-0166 | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | (Removed from the Circuit Court of | |
| ) | Jackson County, Missouri at | |
| TD Ameritrade Holdings Corp. ) | At Independence; Case No. 2016- | |
| ) | CV02520) | |
| ) | | |
| Defendant. ) | | |
| ) | | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant TD Ameritrade Holdings Corp. ("TD Ameritrade" or "Defendant") hereby removes the above-identified civil action (the "Action") that was commenced in the Circuit Court of Jackson County, Missouri at Independence (the "State Court") pursuant to 28 U.S.C. §§ 1332, 1446, 1453. Removal is based on 15 U.S.C. §§ 77p, 78bb (the Securities Litigation Uniform Standards Act of 1998 ("SLUSA")), or alternatively, 28 U.S.C. §§ 1332(d), 1453 (the Class Action Fairness Act ("CAFA")). Defendant files this Notice of Removal ("Notice") without waiving any right, defense, affirmative defense, or motion, including as to whether Plaintiff is entitled to any relief or damages described in the Class Action Petition (the "Petition") or to pursue this matter on behalf of the putative class.

I. Background and Procedural Compliance

Plaintiff filed this Action against the Defendant in the State Court on January 23, 2020. The Defendant was served a copy of the summons and Petition on February 3, 2020. Removal to this Court is proper under 28 U.S.C. § 1446(a) because this district encompasses the State Court

where the Action was filed. Removal is timely because Defendant filed this Notice within 30 days of being served a copy of the summons and Petition.

A copy of all process, pleadings, and orders served on Defendant are attached as Exhibit A. A copy of all records and proceedings filed in the Circuit Court of Jackson County, Missouri, are attached as Exhibit B. Contemporaneous with the filing of this Notice, Defendant has given written notice to Plaintiff and filed a copy of this Notice with the State Court.

II.  Grounds for Removal

A. *Subject Matter Jurisdiction Pursuant to SLUSA*

SLUSA governs the removal (and also the dismissal) of a "covered class action" that asserts claims under state law that allege misrepresentations or omissions in connection with the purchase or sale of a "covered security." The operative provisions of SLUSA are found in the Securities Act of 1933 (the "Securities Act") and the Securities Exchange Act of 1934 (the "Exchange Act"). 15 U.S.C. §§ 77p(b), 78bb(f)(1). Each statute expressly provides for the removal of actions that meet the elements of SLUSA. 15 U.S.C. §§ 77p(c), 78bb(f)(2).

As interpreted by the Eighth Circuit, under either the Securities Act or the Exchange Act, SLUSA applies when:

> (1) the action is a "covered class action" as defined in the Act,
>
> (2) the action purports to be based on state law,
>
> (3) the action alleges that defendant misrepresented or omitted a material fact (or used or employed a manipulative or deceptive device or contrivance), and
>
> (4) the action alleges that the defendant's misrepresentations or omissions of material fact were made "in connection with the purchase or sale of a covered security."

*Sofonia v. Principal Life Ins. Co.*, 465 F.3d 873, 876 (8th Cir. 2006) (citing 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2)) (emphasis added). Each of these elements is met in this case.

Covered Class Action. A covered class action within SLUSA includes, among other things, when damages in a single lawsuit are sought on the behalf of more than 50 persons "and questions of law or fact common to those persons … without reference to issues of individualized reliance on an alleged misstatement or omission, predominate over any questions affecting only individual persons or members…." 15 U.S.C. §§ 77p(f)(2)(A), 78bb(f)(5)(B). In the Petition, Plaintiff alleges that the class "will number in the tens if not hundreds of thousands." Pet. ¶ 46.

State Law Claims. As noted above, the action alleges two claims based on state law.

Allegations of misrepresentation or omission. The Petition alleges misrepresentations, including that "Scottrade promised account owners [in the Scottrade Brokerage Account Agreement] that they would not suffer any losses from Scottrade's hypothecation activities" (Pet. ¶ 61) and that, in contrast to this statement, "[a]ccount owners did suffer losses." Pet. 62. The Petition also alleges that Scottrade failed to disclose or omitted information such that putative class members "could not and did not know. . . whether, when or which securities in their accounts were hypothecated" (Pet. ¶¶ 38-42) and "did not warn account owners" about various information alleged in the Petition. Pet. ¶¶ 59-60.

In connection with the purchase or sale of a covered security. A security "covered" under SLUSA is "one traded nationally and listed on a national exchange." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dabit*, 547 U.S. 71, 83 (2006). Plaintiff alleges that the transactions at issue involve nationally-listed and traded securities, including exchange-traded funds, and thus constitute "covered securities." Pet. ¶ 36. The Petition alleges that Plaintiff and the class members had securities hypothecated in their accounts as part of and in order to "facilitate" a short sale transaction, such that the alleged conduct plainly involves the purchase and sale of covered securities. Pet. ¶¶ 16, 18, 21-22, 26, 48.

Because this is a covered class action alleging misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security, this Action is removable to this Court pursuant to SLUSA.

*B. Subject Matter Jurisdiction Pursuant to CAFA*

Alternatively, this Court has removal jurisdiction under CAFA.[1] CAFA grants federal courts jurisdiction over class actions where there is minimal diversity between the parties and the amount in controversy exceeds $5,000,000. *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 959 (8th Cir. 2014).

<u>Diversity</u>. The threshold for minimal diversity is that any class member and any defendant are citizens of different states and there are a least 100 members in a class. *Id.* The Plaintiff is a citizen of Missouri; Defendant is a citizen of Nebraska and Delaware. Pet. ¶¶ 2-3.[2] The alleged class consists of more than 100 members. Pet. ¶ 46. Therefore the minimal diversity requirement is satisfied.

<u>Amount in Controversy</u>. The amount in controversy element is also satisfied. In cases like this where the Petition does not assert an actual dollar amount of damages, the removal notice need only include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and if "the notice of removal plausibly alleges that the class *might* recover actual damages … aggregating more than $5 million, 'then the case belongs in federal court unless it is *legally impossible* for the plaintiff to recover that much.'" *Pirozzi v. Massage Envy Franchising, LLC*, 938 F.3d 981, 984 (8th Cir. 2019) (internal citations and quotation marks omitted). Here,

---

[1] Once the removing party establishes CAFA jurisdiction, "the burden shifts to the party seeking remand to establish that one of CAFA's express jurisdictional exceptions applies." *O'Shaughnessy v. Cypress Media, LLC*, No. 4:13-cv-0947-DGK, 2014 WL 1791065, at *1 (W.D. Mo. May 6, 2014).

[2] A corporation's citizenship depends on the state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1).

Plaintiff alleges that the class consists of "tens if not hundreds of thousands" of account owners and that the damages occurred over a ten year period. Pet. ¶¶ 45-46. Plaintiff's Petition alleges damages due to differences in tax treatment from class members' receipt of "substitute payments," leading to loss of up to 17 percent of the income on their investments. Pet. ¶¶ 31. Plaintiff also seeks disgorgement of profits and reasonable attorneys' fees. Pet. ¶ 70 & p. 13-14. Although Defendant disputes and does not concede the merits of Plaintiff's allegations, because of Plaintiff's assertion that the class may consist of "hundreds" of thousands of members, the amount in controversy threshold would be satisfied if the average per-member alleged damages were just $25. Even if the class only consists of 50,000 people with average alleged damages of $100, the amount in controversy element would be met. Based on the potential number of class members, the ten-year period, and the alleged differences in tax rates, the alleged damages (if the Plaintiff were to prevail in this case) could foreseeably total at least $5,000,000. This Court thus has removal jurisdiction pursuant to CAFA.

    III.    Conclusion

TD Ameritrade respectfully requests that the Court assume jurisdiction over this matter and that no further proceedings be held in the State Court.

Dated: March 4, 2020

Respectfully submitted,

*/s/ Jason M. Hans*
Jason M. Hans
**GERMAN MAY PC**
1201 Walnut Street, 20th Floor
Kansas City, Missouri 64106
Phone: (816) 460-3307
Fax: (816) 471-2221
jasonh@germanmay.com

Stephen G. Topetzes
  (*pro hac vice* application forthcoming)
Theodore L. Kornobis
  (*pro hac vice* application forthcoming)
**K&L GATES LLP**
1601 K Street, NW
Washington, DC  20006
Phone:   (202) 778-9000
Fax:      (202) 778-9100
stephen.topetzes@klgates.com
ted.kornobis@klgates.com

*Attorneys for TD Ameritrade Holding Corp.*

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 4, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which sent notification of this filing to the following CM/ECF participants:

  David L. Marcus, MO Bar #47846
  BARTLE & MARCUS LLC
  116 W. 47th Street, Suite 200
  Kansas City, MO 64112
  Telephone: 816.256.4699
  Fax: 816.222.0534
  Dmarcus@bmlawkc.com

  Jared A. Rose, MO Bar #60128
  919 West 47th Street
  Kansas City, MO 64112
  Phone: 816.221.4335
  Fax: 816.873.5406
  iared@roselawkc.com

               By: /s/ Jason M. Hans