IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ANNETTE M. BARTLE, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 20-cv-00166-SRB |
| TD AMERITRADE HOLDING CORP., | ) ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant TD Ameritrade Holding Corporation's ("Defendant") Motion for Reconsideration of Denial of Motion to Dismiss or to Amend Order to Certify for Interlocutory Appeal. (Doc. #60.) For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

The following facts are alleged in the Class Action Petition (the "Complaint"). (Doc. #1-1, pp. 5-18.)[1] Plaintiff Annette Bartle ("Plaintiff") owned a retail brokerage account with Defendant.[2] Defendant borrowed securities from Plaintiff's account in order to lend those securities to others to facilitate short sales.[3] When securities are loaned, the account owner does not receive any applicable dividends. Therefore, Defendant "made substitute payments in lieu of the dividends and/or interest that Plaintiff . . . otherwise would have received." (Doc. #1-1, ¶ 35.)

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

[2] Defendant acquired Scottrade, Inc. and Scottrade Financial Services, Inc. (collectively, "Scottrade") in 2017 and, in doing so, assumed the liabilities of Scottrade. (Doc. #1-1, pp. 5-6.) For purposes of clarity, "Defendant" as used in this Order refers to both Defendant and Scottrade.

[3] A short sale is the sale of a borrowed security in anticipation of a price decline, allowing an investor to (hopefully) profit from purchasing the stock at a later date and a lower price than the original sale price. (Doc. #1-1, ¶¶ 16–24.)

Plaintiff alleges that Defendant's account owners suffered losses as a result of this activity. Specifically, the substitute payments "were taxed as ordinary income rather than receiving more-favorable tax treatment. This differing tax treatment negatively affected the returns associated with these investments." (Doc. #1-1, ¶ 62.) For example, if an account owners' ordinary income qualifies for the highest income tax bracket, "they will pay 37 cents in income taxes on every $1 in substitute payments. In sharp contrast, they only would have paid 20 cents in income tax on each $1 in dividends. They lost 17 cents on every share." (Doc. #1-1, ¶ 31.)

Plaintiff alleges that Defendant did not issue her credits to offset the tax consequences of the substitute payments, which violated a Brokerage Account Agreement (the "Brokerage Agreement"). In part, the Brokerage Agreement provides that:

> **Pledge of Securities, Options and Other Property:** All securities and other property now or hereafter held, carried, or maintained by us in or for your Account may, from time to time without notice to you, be pledged, repledged, hypothecated or re-hypothecated by us, either separately or in common with other securities and other property. The values received may be greater than the amount you owe us. **Any losses**, gains, or compensation **resulting from these activities will not accrue to your brokerage Account**.

(Doc. #1-1, ¶ 58) (emphasis in original).

On January 23, 2020, Plaintiff, on behalf of herself and a putative class of other brokerage account owners, filed this lawsuit against Defendant in state court. The Complaint asserts claims for breach of contract (Count I), unjust enrichment (Count II), and for declaratory judgment (Count III). Defendant removed the case to federal court pursuant to the Securities Litigation Uniform Standards Act (the "SLUSA") and the Class Action Fairness Act.

On April 7, 2020, Defendant moved to dismiss this case under Federal Rule of Civil Procedure 12(b)(6). In relevant part, Defendant argued that Plaintiff's claims for breach of

contract and unjust enrichment were preempted by SLUSA. *See* 15 U.S.C. §§ 77p(b), 78bb(f)(1). Defendant explained that SLUSA preemption applies if "the gravamen of a state law claim involves an untrue statement or substantive omission of a material fact in connection with the purchase or sale of a covered security. *Zola v. TD Ameritrade, Inc.*, 889 F.3d 920, 924 (8th Cir. 2018) (quoting *Lewis v. Scottrade*, 879 F.3d 850, 854 (8th Cir. 2018))." (Doc. #15, pp. 12-13.)

In an Order dated May 18, 2020, the Court denied Defendant's motion to dismiss (the "denial Order"). (Doc. #23.) The denial Order explained in part that "SLUSA does not preclude genuine contract actions." (Doc. #23, p. 4) (citations and quotations omitted). As such, the "primary inquiry is whether [Plaintiff's] suit is a genuine breach of contract action or a disguised misrepresentation or omission claim." (Doc. #23, pp. 3-4.) After reviewing the Complaint and the parties' arguments, the Court concluded that:

> the gravamen of [Plaintiff's] lawsuit involves an alleged breach of contract, not an act of misrepresentation or omission connected to the purchase or sale of a covered security. [Plaintiff] identifies a specific contractual provision in the Scottrade Brokerage Agreement which she argues is a promise that account holders will not suffer any losses from the hypothecation of the securities held in their margin accounts. [Plaintiff] alleges that Scottrade breached that contractual promise by making substitute payments without compensating account holders for the different tax treatment qualified dividends receive, which caused account owners to incur losses from its hypothecation activity . . . [Plaintiff's] claims rely upon the meaning, interpretation, and/or construction of the Scottrade Brokerage Agreement and the obligations owed under it, rather than a failure to inform account holders that losses from hypothecation would be accrued.

(Doc. #23, p. 5.)

Defendant now moves for reconsideration of the denial Order based on a subsequent decision by Judge Gary A. Fenner in *Bartle v. Fidelity Brokerage Servs., LLC*, No. 20-cv-00064-GAF (W.D. Mo. Sept. 15, 2020) ("*Fidelity*"). Defendant argues that this case and *Fidelity* were

3

brought by the same Plaintiff, involved similar allegations, and that Judge Fenner found the claims were preempted by SLUSA. In the alternative, Defendant requests that the Court certify the denial Order for an interlocutory appeal. Plaintiff opposes the motion, and these issues are addressed below.

## II. DISCUSSION

### A. Motion for Reconsideration

No specific rule in the Federal Rules of Civil Procedure references motions to reconsider. *OpenMethods, LLC v. Mediu, LLC*, No. 10-761-CV-W-FJG, 2012 WL 2736471, at *3 (W.D. Mo. July 9, 2012). "[S]uch a motion is typically construed either as a Rule 59(e) motion to alter or amend the judgment or as a Rule 60(b) motion for relief from judgment." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 997 (8th Cir. 2017) (quoting *Auto Servs. Co. v. KPMG, LLP*, 537 F.3d 853, 855 (8th Cir. 2008)). "Motions brought pursuant to Rule 59(e) 'serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.'" *Disc. Tobacco Warehouse, Inc. v. Briggs Tobacco & Specialty Co.*, No. 3:09-CV-05078-DGK, 2010 WL 3522476, at *1 (W.D. Mo. Sept. 2, 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). In contrast, "Rule 60(b) motions may be used to reconsider a final order on certain enumerated grounds such as excusable neglect, fraud, newly discovered evidence, or 'any other reason that justifies relief.'" *Disc. Tobacco Warehouse, Inc.*, 2010 WL 3522476, at *1 (quoting Fed. R. Civ. P. 60(b)). Rule 59(e) and Rule 60(b) both require that any judgment or order being reconsidered be final. *See* Fed. R. Civ. P. 59(e), 60(b).[4]

---

[4] Defendant states that the Court has inherent authority to reconsider the denial Order and does not rely on a specific Federal Rule. The Court's decision would be the same regardless of whether the motion is brought under the Court's inherent authority, Rule 59(e), or 60(b).

4

Here, Defendant requests the Court reconsider the denial Order based on *Fidelity*. Defendant argues that *Fidelity* "addressed near-identical allegations raised by the same Plaintiff." (Doc. #61, p. 4; Doc. #66, pp. 3-5.)  Defendant contends Judge Fenner held "that SLUSA did preclude the near-identical claims asserted by Ms. Bartle" against Fidelity.  (Doc. #61, p. 3.) However, Defendant also believes that Judge Fenner "mistakenly stated that the critical allegations [in *Fidelity*] are not present in" this case.  (Doc. #61, p. 6 n.5; *see also* Doc. #66, pp. 5-6.)  In response, Plaintiff contends that the ruling in *Fidelity* was based on allegations and a cause of action that are not present in this case.  Plaintiff also argues that Judge Fenner acknowledged the dismissal Order but found that it was distinguishable.

Upon review of the record, the Court finds that reconsideration is not warranted.  The denial Order addressed the allegations and causes of action asserted in *this* case and concluded that they were not preempted by SLUSA.  *Fidelity* does not alter this conclusion.  Additionally, the Court will not delve into a line-by-line comparison of this case and *Fidelity*, including whether or not Judge Fenner "mistakenly" found differences between the two cases.  Even if the two cases are identical, Judge Fenner's decision would be persuasive but not binding.  Under the circumstances presented here, the Court finds that Defendant has failed to present new facts, new evidence, or new legal arguments showing this Court committed an error in denying Defendant's motion to dismiss.  Defendant's request for reconsideration is therefore denied.

### B.  Interlocutory Appeal

Defendant alternatively "requests that the Court modify its order denying the motion to dismiss to certify that decision for interlocutory appeal, as the criteria for such certification are now satisfied, given Judge Fenner's ruling."  (Doc. #61, p. 4.)  Plaintiff argues that an interlocutory appeal is not warranted and would unnecessarily delay resolution of this case.

5

Pursuant to 28 U.S.C. § 1292(b), a court may certify an order for interlocutory appeal if "(1) the order 'involves a controlling question of law;' (2) there is substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation." *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994) (citation and quotation marks omitted). "A motion for certification must be granted sparingly, and the movant bears the heavy burden of demonstrating that the case is an exceptional one in which immediate appeal is warranted." *Id.* at 376.

In this case, Defendant has failed to demonstrate that the denial Order involves "a controlling question of law." 28 U.S.C. § 1292(b). "A 'question of law,' as construed in § 1292(b), refers to a purely, abstract legal question." *Employers Reinsurance Corp. v. Massachusetts Mut. Life Ins. Co.*, No. 06–0188–CV–W–FJG, 2010 WL 2540097, at *2 (W.D. Mo. June 16, 2010) (citations and quotations omitted). "Challenging the application of settled law to a specific set of facts is not a question of law." *Id.*

When, as here, a defendant argues that SLUSA precludes a cause of action, the Court must examine "the substance of the allegations, based on a fair reading of the complaint." *Zola*, 889 F.3d at 924 (considering whether claims were precluded under SLUSA) (citations and quotations omitted). The denial Order carefully examined Plaintiff's claims and determined they were not preempted by SLUSA. That decision was governed by the specific allegations in this case, and not on a "pure[], abstract legal question." *Employers Reinsurance Corp.*, 2010 WL 2540097, at *2. Because the denial Order does not involve a "controlling question of law," Defendant's request for an interlocutory appeal is denied. The Court also agrees with Plaintiff that an interlocutory appeal would unnecessarily delay the ultimate termination of this litigation.

## III. CONCLUSION

Accordingly, Defendant's Motion for Reconsideration of Denial of Motion to Dismiss or to Amend Order to Certify for Interlocutory Appeal (Doc. #60) is DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: November 30, 2020

7

Case 4:20-cv-00166-SRB   Document 67   Filed 11/30/20   Page 7 of 7